IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                        13-CR-76-A

FAWZI A. AL-ARASHI,

         Defendant.



## PLEA AGREEMENT

The defendant, FAWZI A. AL-ARASHI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count One of the Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute a Schedule I controlled substance), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this

paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release.   As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   that an agreement existed between two or more persons to commit a controlled substance felony offense;

b.   that the defendant knew of the existence of the agreement; and

c.   that the defendant intended to participate in the unlawful agreement.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between on or about July 10, 2012 and on or about July 25, 2012, the defendant, FAWZI A. AL-ARASHI, did knowingly, willfully and unlawfully conspire and agree with others, known and unknown, to possess with intent to distribute, and to distribute, a Schedule I controlled substance.

b.   Specifically, on July 25, 2012, special agents and task force officers from the Drug Enforcement Administration executed a search warrant at 4246 Ridge Lea Road, Suite 20, Amherst, New York 14226, which is a warehouse leased to the defendant.  The defendant stored substances at the Ridge Lea Road warehouse that were sold at his business known as "Welcome, Welcome," at 140 Main Street, North Tonawanda, New York, and that he sold to other New York retailers.  Between the search of the Ridge Lea Road warehouse and a consensual search of the defendant's residence, agents seized a total of 22.4 kilograms of a mixture or substance containing AM-2201, which,

as of July 10, 2012, was a Schedule I controlled substance.

c.   In addition to the AM-2201, agents seized other synthetic marijuana substances, UR-144 and XLR-11, which the defendant had sold to a cooperating source earlier in July 2012 and which the parties agree meet the definition of controlled substance analogues.   The parties agree that 9.7 kilograms of a mixture or substance containing UR-144 and 2.3 kilograms of a mixture or substance containing XLR-11 was either seized from the defendant or sold by the defendant.

d.   Converting the mixture or substances containing AM-2201, UR-144, and XLR-11 to marijuana (utilizing a ratio of 1 gram of these synthetic marijuana substances to 167 grams of marijuana, if the government's conversion is adopted by the Court), at least 3,000 kilograms of marijuana but less than 10,000 kilograms of marijuana is the amount involved in the defendant's relevant conduct encompassed in Count One of the Indictment which could be readily proven by the government against the defendant.   As noted below, however, the defendant has reserved his right to challenge the conversion rate utilized by the government.

### III. SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.    As detailed below, the government and the defendant disagree on the effect of Guideline § 2D1.1 Application Note 6 to calculation of the Base Offense Level.

a.    The government maintains that because AM-2201, UR-144, and XLR-11 have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect on the central nervous system of THC, Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(3) (applying Application Note 8(D) marijuana equivalence for Tetrahydrocannabinol, Synthetic) apply to the offense of conviction and provide for a base offense level of 34.

b.    The defendant maintains that because AM-2201, UR-144, and XLR-11 have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect on the central nervous system of marijuana, Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(10) (applying Application Note 8(D) marijuana equivalence for Marijuana/Cannabis, granulated,

powdered, etc.) apply to the offense of conviction and provide for a base offense level of 18. Furthermore, the defendant maintains that even if the Court were to rule that AM-2201, UR-144, or XLR-11 have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to the stimulant, depressant, or hallucinogenic effect on the central nervous system of THC, Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(10) (applying Application Note 8(D) marijuana equivalence for Marijuana/Cannabis, granulated, powdered, etc.) should still apply to the offense of conviction in the same way that it does when THC, which is the active ingredient in marijuana, is present in a mixture or substance containing marijuana.

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

7.    The government and the defendant agree that the following adjustment to the base offense level does apply:

    a.    The 2 level upward adjustment of Guidelines § 3B1.1(c) (aggravating role in offense).

## ADJUSTED OFFENSE LEVEL

8.    Based on the foregoing, it is the understanding of the government and the defendant that, if the government's calculations apply, the adjusted offense level for the offense of conviction is **36**, and if the defendant's calculations apply, the adjusted offense level for the offense of conviction is **20**.

## ACCEPTANCE OF RESPONSIBILITY

At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **33** if the government's application of the Guidelines is employed, and a total offense level of **17** if the defendant's application of the Guidelines is employed.

## CRIMINAL HISTORY CATEGORY

9.   It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.   It is the understanding of the government and the defendant that:

a.   with a total offense level of 33 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 135 to 168 months, a fine of $17,500 to $1,000,000, and a period of supervised release of 3 years; and

b.   with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would be a term

of imprisonment of 24 to 30 months, a fine of $5,000 to $1,000,000, and a period of supervised release of 3 years.

c.   Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

11.   The government and the defendant agree to the Guidelines calculations set forth above.   The government, however, reserves the right to advocate for a Sentencing Guidelines determination that results in a sentencing range for imprisonment of 135 to 168 months.   The defendant, in turn, reserves the right to advocate for a Sentencing Guidelines determination that results in a sentencing range for imprisonment of 24 to 30 months.   Both parties reserve the right to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to

withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

14.   The defendant understands that the government has reserved the right to:

    a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.   advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

    d.   oppose the defendant's request for a sentence outside the Guidelines sentence; and

    e.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

15.   At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

16.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  **APPEAL RIGHTS**

17.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court, which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10(b), above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.  The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future

-12-

the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19. The government waives its right to appeal any component of a sentence imposed by the Court, which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10(a), above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COOPERATION

20. The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying

truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

21. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

22. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

23. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

24. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines **at least 3** levels as provided for in Guidelines § 5K1.1, which, if granted by the Court, would result in a total offense level of 30 and a sentencing range of 97 to 121 months imprisonment, if the government's application of the Guidelines is employed, and a total offense level of 14 and a sentencing range of 15 to 21 months imprisonment, if the defendant's application of the Guidelines is employed. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and

the extent of any downward departure, are matters solely within the discretion of the Court.

25. This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

26. It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

27. In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of

this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right:   (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

28.   In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence.   In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

29.   If the "Cooperation" section of this agreement is declared breached by the Court:

    a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

    c.    the defendant has no right to withdraw the plea of guilty;

    d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

    e.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government.   Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

30.   At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court.   The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement. In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

31.   The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII.      **FORFEITURE PROVISIONS**

32.   As a condition of the plea, the defendant agrees not to contest the forfeiture proceeding that has been brought by the United States and agrees to immediately civilly forfeit all of the defendant's right, title and interest to any and all

property which are subject to forfeiture pursuant to Title 21, United States Code, Sections 881(4) and (6) and Title 18, United States Code, Section 981.  That property includes:

**a.   MONETARY ASSETS:**

$68,300.95 FROM M&T BANK
ACCOUNT NUMBER 985 413 6174
IN THE NAME OF ALARCO DISTRIBUTING, LLC,

$184,944.78 FROM BANK OF AMERICA
ACCOUNT NUMBER 483-041-128-128
IN THE NAME OF ALARCO DISTRIBUTING, LLC,
$37,510.69 FROM TD AMERITRADE,
ACCOUNT NUMBER 779-029339
IN THE NAME OF FAWZI AL-ARASHI

**b.   VEHICLE:**

ONE 2012 TOYOTA TUNDRA, VIN: 5TFHY5F10CX239780,
TITLED TO FAWZI A. AL-ARASHI

33.  The defendant acknowledges that the government has commenced a civil forfeiture action against the above-listed property in <u>United States of America -v- $68,300.95 from M&T Bank et. al.</u>, 12-CV-01269A.  The defendant agrees to enter into a stipulation settling the civil forfeiture action by agreeing to the forfeiture of the above-listed properties and agrees to

provide and execute any other documents the United States deems
necessary to resolve the civil litigation.

34.  The defendant also agrees that the property listed
above is properly forfeitable to the United States pursuant to
Title 21, United States Code, Sections 881(4) and (6) and Title
18, Section 981.  The defendant further agrees to fully assist
the government in the forfeiture of the aforementioned property
and to take whatever steps are necessary to pass clear title to
the United States, including, but not limited to surrender of
title and execution of any documents necessary to transfer the
defendant's interest in any of the above property to the United
States, as deemed necessary by the government.  As to the
vehicle listed above for forfeiture, the defendant agrees that
in order to pass clear title to the government the defendant has
paid the lien held by Wells Fargo Dealer Services by the time
this Plea Agreement has been entered.

35.  It is expressly agreed and understood that the
agreement for civil forfeiture of property is binding upon the
defendant and survives any voiding of this plea agreement.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

36. This plea agreement represents the total agreement between the defendant, FAWZI A. AL-ARASHI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:  _____
FRANK T. PIMENTEL
Assistant United States Attorney

Dated:  July 24, 2013

-22-

I have read this agreement, which consists of 23 pages.   I have had a full opportunity to discuss this agreement with my attorney, JOEL L. DANIELS, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement.   I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.

_____
FAWZI A. AL-ARASHI
Defendant

Dated:  July 2⟍, 2013

_____
JOEL L. DANIELS, ESQ.
Attorney for the Defendant

Dated:  July 2⟍, 2013

-23-